UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-23583

CHRISTOPHER SADOWSKI,

    Plaintiff,

V.

THE BILTMORE HOTEL LIMITED
PARTNERSHIP,

    Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS COMPLAINT
FOR FAILURE TO STATE A CLAIM**

Defendant (the "Biltmore"), pursuant to Rules 12(b)(6), move this honorable Court for entry of an Order dismissing Plaintiff's Complaint ("Complaint") for failure to state a claim because of the deficiency of the copyright certificate, and an improper claim of violation of the Digital millennium Copyright Act's Copyright Management Information Removal regulation; furthermore, Plaintiff's request for relief in the form of an injunction should be dismissed and/or stricken. For the reasons set forth more fully herein, the Defendant's Motion should be granted.

**Introduction**

The Defendant is the operator of the Biltmore Hotel in Miami, Florida. Plaintiff is a photographer and a frequent litigant regarding copyright infringement claims. While Plaintiff claims he has a valid registration of copyright in the work in question, Plaintiff apparently did not comply with the Copyright Office's requirements for registration of a Group Registration for Published Photographs ("GRPPH") which requires a sequential listing of document titles, as shown in the Registration Certificate provided as an exhibit on Plaintiff's Complaint. Setting aside the copyrightability of the photograph for the time being, the minimum requirement that a

1

copyright registration comply with statutory formalities is not met here, and thus Plaintiff has not stated a claim for copyright infringement, and Plaintiff's claim should therefore be dismissed.

Further, Plaintiff has not properly pled a claim of Copyright Management Information ("CMI") Removal, as Plaintiff has neglected to properly plead that the Biltmore removed or altered copyright management information that was present in connection with the work.

For the reasons set forth herein, the Court should enter an Order dismissing Plaintiff's claims against the Biltmore.

## MEMORANDUM OF LAW

Plaintiffs have failed to attach to the Complaint a Copyright Registration Certificate that complies with the Copyright Office's requirements. Given that the allegedly infringed work is not properly documented on the copyright registration certificate attached by Plaintiff, as a matter of law, Plaintiff has not set forth a cause of action set forth a cause of action under 17 U.S.C. § 106, and the claim under said statute must be dismissed. Further, as Plaintiff has not properly pled that CMI was removed from the work, Plaintiff has not properly stated a claim that the Biltmore violated the Digital Millennium Copyright Act ("DMCA").

Lastly, the Plaintiff's request for injunctive relief is not warranted nor properly set out in the Complaint, and should be stricken without leave to replead, in the event the claims are not both stricken.

### Standard for a Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff alleges enough facts to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). Merely reciting the elements of a claim is not enough, and courts need not accept legal conclusions that lack sufficient factual support. *Id*. However, courts must accept as true a complaint's well-pleaded factual allegations and "construe them in the light most favorable to the plaintiff." *Redland Co. v. Bank of Am. Corp.*, 568 F.3d 1232, 1234 (11th Cir. 2009).

When evaluating a motion to dismiss, the Court may consider the complaint alone, and in certain circumstances, the Court may instead consider the complaint supplemented by undisputed facts, or the complaint supplemented by undisputed facts and the court's resolution of disputed facts. *See McElmurray v. Consol. Gov't.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (*quoting Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A Court may consider facts outside the four corners of the complaint when evaluating a motion to dismiss in certain situations. *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity."); *TrendTex Fabrics, Ltd. v. Bonnie Brown Designs, Inc.*, No. 23-20291-CIV, 2023 WL 4704008, at *6 (S.D. Fla. July 24, 2023). Furthermore, a court may consider "documents referred to in the complaint that are central to the claim. *Affordable Aerial Photography, Inc. v. Mod. Living Real Est., LLC*, No. 19-CV-80488, 2019 WL 3716775, at *1 (S.D. Fla. Aug. 7, 2019); *also see Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) and *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

## **Plaintiff's Copyright Registration Does Not Meet the Legal Requirements Thereof**

In order to properly sue regarding copyright infringement, and state a claim for said alleged copyright infringement, a plaintiff is required to provide and attach a valid copyright registration certificate. *Fourth Estate Public Benefit Corporation v. Wall-Street.com*, 586 U.S. ___, 139 S. Ct. 881; 203 L. Ed. 2d 147, 129 U.S.P.Q.2d 1453 (2019). As a matter of law, a copyright claimant may commence an infringement suit only after the Copyright Office registers a copyright, and if the copyright registration certificate does not include the necessary, proper and required information, it can be deemed invalid and insufficient to support a claim of copyright infringement, and the plaintiff has not set forth a cause of action under 17 U.S.C. § 106, meaning the claim grounded in violation of said statute must be dismissed. Last year, *Poet Theatricals Marine, LLC v. Celebrity Cruises, Inc.*, No. 21-10410, 2023 WL 3454614, at *5 (11th Cir. May 15, 2023) made it clear that not only must a plaintiff "prove that [its] work is original", a plaintiff must prove that "the plaintiff complied with applicable statutory formalities." *Also see Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1233 (11th Cir. 2010) and *McKeon v. Dunckner*, No. 6:22-CV-1067-PGB-RMN, 2023 WL 5804196, at *6 (M.D. Fla. Aug. 15, 2023) (Plaintiff must have followed Copyright Act's formalities).

In the instant matter, it is clear from the documents submitted as attachments to the Complaint that Plaintiff did not actually comply with applicable statutory formalities. The U.S. Copyright Office explains in the policies for group registration for published photographs that a group of published photographs may be registered with the U.S. Copyright Office if seven conditions are met.[1] The Biltmore asks the Court to take judicial notice of the Copyright Office's eligibility requirements for a GRPPH which is attached hereto as Exhibit A. Said GRPPH

---

[1] https://www.copyright.gov/eco/help/group/grpph.html

eligibility requirements mandate that the copyright applicant "must provide a sequentially numbered list" but from the four corners of the Copyright Registration, it does not appear that Plaintiff provided a sequentially numbered list, and accordingly, Plaintiff did not comply with the applicable statutory formalities. Even setting aside the fact that Plaintiff's work is arguably not particularly or sufficiently original to support a copyright claim, which is not appropriate for review on a Motion to Dismiss and is not being argued here, Plaintiff's claim of copyright infringement does not meet the statutory requirements.

### **Plaintiff Has Not Pled Removal or Alteration of Copyright Management Information**

To establish a violation of the relevant subsection of the Digital Millennium Copyright Act ("DMCA"), a plaintiff "must show (1) the existence of CMI on the allegedly infringed work, (2) the removal or alteration of that information and (3) that the removal was intentional." *Crowley v. Jones*, 608 F. Supp. 3d 78, 91 (S.D.N.Y. 2022). "An action for removal of copyright management information requires the information to be removed" from the plaintiff's work. *Faulkner Press, L.L.C. v. Class Notes, L.L.C.*, 756 F. Supp. 2d 1352, 1359 (N.D. Fla. 2010).

While Plaintiff has shown that the admitted licensee of his work, *The New York Post* (the "*Post*") did include copyright management information in one location where they uploaded the work, the *Post* further uploaded the image elsewhere on its website, where it was presumably visible in the fall of 2023, and/or the winter of 2023 and 2024, when the alleged infringement took place, without including any CMI at all. Exhibit B. As of the date of the drafting of this Motion, the image was still visible at https://nypost.com/tag/christmas/page/56/ , a printout of which is included within said exhibit. This Exhibit may be reviewed by the Court in connection with this Motion to Dismiss as it is central to the plaintiff's claims and undisputed in terms of

authenticity, which should be the case here, as it is a clear and accurate printout of a web page created and hosted by Plaintiff's licensee.

Further, in the Complaint, Plaintiff does not allege that there was any CMI on the work itself; Plaintiff instead claims that the CMI was on the same page, which is supported by the images included by Plaintiff in his Complaint, which do not show *any* CMI on the image itself. "[I]t is clear from the plain language of § 1202(b) that the defendant itself must 'remove' or 'alter CMI—that is, must affirmatively take away or modify something that was already there." *Munro v. Fairchild Tropical Botanic Garden, Inc.*, No. 20-20079-CIV, 2022 WL 452257, at *10 (S.D. Fla. Jan. 13, 2022), appeal dismissed, No. 22-10450, 2023 WL 5426754 (11th Cir. Aug. 23, 2023). Given that there was, by Plaintiff's own showing, no copyright management information on the work itself, there was nothing for the Biltmore to remove, and thus, the Biltmore could not have actually removed any CMI therefrom.

To the extent that the CMI only needed to be "conveyed in connection with" copies of the work, *Id.*, Plaintiff's DMCA claim still fails, as the *Post* – who used the images pursuant to a license from Plaintiff if his claims are to be accepted on this issue -- included the work on its website with no CMI in its vicinity. Given that the work was used by Plaintiff's licensee, *The New York Post*, on its website where it appeared – and in fact, still appears in at least two locations – without Plaintiff's name emblazoned on or near it, it is clear that Plaintiff has not properly alleged that the Biltmore has engaged in removal of copyright management information and thus has not pled CMI removal in the manner required under *Iqbal* or *Twombly*.

### Plaintiff's Request for an Injunction Against the Biltmore Is Not Appropriate

Absent an allegation of future harm, a court cannot impose an injunction on a defendant, *Cone Corp. v. Fla. Dept. of Transp.*, 921 F.2d 1190, 1210 (11th Cir. 1991) (quoting *Anderson v.*

*City of Alpharetta*, 770 F.2d 1575, 1582 (11th Cir. 1985)), and thus, where there are no allegations in a pleading that a defendant will continue to infringe on a plaintiff's work, a request for relief in the form of an injunction is not appropriate. *Markos v. Big & Wild Outdoors, LLC*, No. 8:22-CV-1258-KKM-AEP, 2023 WL 2496507, at *1 (M.D. Fla. Mar. 14, 2023). While Plaintiff claimed that he notified Defendant in writing of the alleged unauthorized use, and asserts that Plaintiff has been unable to negotiate what he seems a reasonable license for any usage by the Biltmore, nowhere does Plaintiff claim, assert or document that said alleged infringement is ongoing.

      A plaintiff seeking injunctive relief must show past injury and "a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future.'" *Id.* (quoting *Wooden v. Bd. of Regents of Univ. Sys. Of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001)). Because Plaintiff asks the Court to enjoin the Biltmore's future conduct, he must show "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (quotation omitted). Therefore, he has not set forth a showing of conduct that – even if it was proven true – would constitute grounds for an injunction against the Biltmore, and this request for relief should be stricken and/or dismissed; as he will not be able to make such a showing as a matter of law, no leave to replead this request for relief should be permitted.

## **CONCLUSION**

      Given the issues with the copyright registration process presented by Plaintiff, the lack of evidence of removal of copyright management information because of the actions of Plaintiff's admitted licensee, *The New York Post*, and the absence of an assertion of ongoing harm, both claims should be dismissed, and in the event they are not, the Court should strike Plaintiff's

request for injunctive relief. At Exhibit C is a draft Order for the Court's use in connection therewith.

Dated: October 18, 2024

Respectfully submitted,

By: */s/ Heidi H. Tandy*
Heidi H. Tandy, Esq.
*Counsel for Defendant*
FL Bar No.: 163864
BERGER SINGERMAN LLP
1450 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email: HTandy@bergersingerman.com
DRT@bergersingerman.com
mramos@bergersingerman.com
jmaldonado@bergersingerman.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 18, 2024, a true and complete copy of the foregoing was served using the Court's CM/ECF, which will transmit an electronic notification of this filing to the parties on the service list.

By: */s/ Heidi H. Tandy*
Heidi H. Tandy, Esq.

## SERVICE LIST

Daniel Desouza, Esq.
Florida Bar No. 19291
**COPYCAT LEGAL PLLC**
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

*Counsel for Plaintiff*