UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-23583

CHRISTOPHER SADOWSKI,

    Plaintiff,

V.

THE BILTMORE HOTEL LIMITED
PARTNERSHIP,

    Defendant.

_____/

**DEFENDANT'S RESPONSE TO SADOWSKI OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM**

Defendant Biltmore Hotel Limited Partnership (the "Biltmore" or "Defendant")), responds to the Opposition by Plaintiff Christopher Sadowski ("Plaintiff") to the Biltmore's Motion to Dismiss ("MtD") Plaintiff's Complaint ("Complaint") where said MtD was grounded in Plaintiff's failure to state a claim because of the deficiency of the copyright certificate, and the lack of pleading that the photograph that is the crux of Plaintiff's Complaint contained the requisite Copyright Management Information Removal, and included a request that the Court strike or dismiss Plaintiff's request for relief in the form of an injunction. For the reasons set forth more fully herein, and given that Plaintiff's Opposition is riddled with misstatements of the law and the facts that were set forth by Plaintiff himself, Defendant's Motion should be granted.

**Summary of the Situation**

As Plaintiff admits, he licensed the photograph of Christmas lights titled "010420christmastree20CS" (the "Work") to *The New York Post* (the "Post"), and nowhere has Plaintiff denied that Post was entitled to use the work; given that license and entitlement, and Plaintiff's lack of evidence and argument that the images found on the Post website without any

1

Copyright Management Information ("CMI") identifying Plaintiff, Plaintiff has shown that the Biltmore's argument that there was no CMI for the Biltmore to remove is actually accurate, and if there was no CMI for the Biltmore to remove, then Plaintiff has not pled a claim that the Biltmore removed such CMI, nor can Plaintiff do so.

While Plaintiff spends significant sections of its Response ranting about irrelevancies, casting strikable aspersions on the skills of the Biltmore's counsel and mis-stating law, it is clear that Plaintiff's purported claims about infringement and CMI removal are not properly stated in his Complaint, and at a minimum, the CMI removal complaint cannot be stated as required by law. Thus, for the reasons set forth in the Biltmore's initial Motion to Dismiss, and as further explained herein, the Court should enter the Biltmore's Order dismissing Plaintiff's claims against the Biltmore.

## MEMORANDUM OF LAW

**Standard for a Motion to Dismiss**

Plaintiff is incorrect in its assertion that documents not included in the four corners of a complaint and its exhibits cannot be considered by the Court. Instead, in considering a Rule 12(b)(6) motion, a court "may consider only the complaint itself and any documents referred to in the complaint which are central to the claims." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (emphasis added) (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)); see also *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002))). Therefore, despite Plaintiff's gripes that mis-state the law, the Court can look to other pages from the *Post* website

on which they, as Plaintiff's licensee, used the Work without including any "gutter" credit or other CMI.

Further, while courts are required to accept as true all allegations contained in the complaint, as explained in numerous rulings including *Mainstream Advert., Inc. v. Moniker Online Servs., LLC*, No. 16-CV-61316, 2016 WL 4729647, at *2 (S.D. Fla. Sept. 12, 2016), courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

**Apparent Issues with Plaintiff's Copyright Documents**

Plaintiff mischaracterizes the holding in *Fourth Estate Pub. Ben. Corp. v. Wall-Street.com*, LLC, 586 U.S. 296 (2019) while insulting the Biltmore[1], which is strange and ironic; *Fourth Estate* does not actually hold that a plaintiff must obtain a copyright registration from the copyright office prior to filing suit for infringement, because the case specifically and clearly states that an exception exists "to cover instances in which registration is refused." *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 306, 139 S. Ct. 881, 891, 203 L. Ed. 2d 147 (2019). Such a circumstance does not exist here, but the fact that Plaintiff's summary of the holding is literally inaccurate shows that that Plaintiff's disparagement of the Biltmore and its counsel is not well founded, and said wording should be stricken as irrelevant.

While a copyright registration certificate is prima facie evidence that a copyright is valid, it is a rebuttable presumption, and a rebuttal can be analyzed at the Motion to Dismiss stage. In order to establish ownership of a valid copyright, which the parties agree is required to make a claim of copyright infringement, Plaintiffs must demonstrate that they have "satisfied the

---

[1] The Biltmore did not state in its Motion that a copyright registration certificate had to be attached to a complaint, only that it is a requirement that a plaintiff have a registration certificate to pursue a lawsuit alleging copyright infringement.

requirements for registration set forth in the federal regulations promulgated by the Register of Copyrights." *Olander Enters., Inc. v. Spencer Gifts, LLC*, 812 F.Supp.2d 1070, 1075 (C.D.Cal.2011).

Where "inaccurate information" related to a copyright registration "is alleged" a court is able to request the Register of Copyrights to advise the court whether any inaccurate information, if known, would have caused the Register of Copyrights to refuse registration, *Bruhn NewTech, Inc. v. United States*, 144 Fed. Cl. 755, 784 (2019). It is a matter of law and not of fact as to whether an inaccuracy in a copyright filing is material, which can be determined at this Motion to Dismiss stage. *Unicolors* at 189 and *Intel Corp. Investment Policy Comm. v. Sulyma*, 589 U. S. ——, ——, 140 S.Ct. 768, 778-79, 206 L.Ed.2d 103 (2020).

Plaintiff chose to attach a registration certificate to its Complaint, and provide a registration number that enabled the Biltmore to review Copyright Office records Plaintiff's registration certificate for the Work. Accordingly, even if Plaintiff was not required to make that document of record at this stage, Plaintiff's choice to do so means that said document is relevant and necessary for the Court's review of the validity of Plaintiff's claims. As documents beyond the four corners of a complaint are acceptable and permissible in certain circumstances, including the circumstances present herein, the Court should review same, and request clarification from the Copyright Office in connection therewith to confirm that Plaintiff's application to register his copyrights with the Copyright Office complies in material form with their requirements.

**Plaintiff Has Not Pled Removal or Alteration of CMI**

Again, Plaintiff's attempt to claim that it is inherently improper to go beyond the four corners of a pleading is wrong as a matter of fact and of law, as explained above. This district, in

fact, has looked to progeny of *St George* including *Temurian v. Piccolo*, No. 18-CV-62737, 2019 WL 1763022, at *3 (S.D. Fla. Apr. 22, 2019) to hold exactly that, citing to *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002) for the proposition that a "document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." *Also see  Kmet v. Discovery Commc'ns, LLC*, No. 4:16CV565-MW/CAS, 2017 WL 11672822, at *2 (N.D. Fla. Nov. 30, 2017) (the Court was persuaded by other circuit court cases including *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 691 (7th Cir. 2012) that documents incorporated into the complaint by reference could be considered during the Motion to Dismiss phase; *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010). Other recent cases, similarly, confirm that exceptions exist "to the 'four corners' rule" including *National Equestrian League, LLC v. White*, No. 20-21746-CIV, 2021 WL 2418038, at *7 (S.D. Fla. May 26, 2021), *report and recommendation adopted sub nom. Nat'l Equestrian League, LLC v. White,* No. 20-21746-CIV, 2021 WL 2414153 (S.D. Fla. June 14, 2021). *Uys v. Harris*, No. 6:20-CV-1143-CEM-EJK, 2021 WL 2458698, at *2 (M.D. Fla. May 11, 2021) (citing *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010) (which in turn cited *United States ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 (11th Cir. 2015) for the precept that a court "may look beyond the complaint if the evidence presented is 'central to the plaintiff's claim, and ... its authenticity is not challenged,'") and *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013) (a court can go beyond the four corners if documents are incorporated into the complaint by reference there are "matters of which a court may take judicial notice."

Plaintiff makes no effort to dispute the validity of the documents which are created and hosted by *The New York Post* and which the Biltmore included in its Motion to Dismiss; in

5

contrast, Plaintiff crows about the URL https://nypost.com/tag/christmas/page/56/ -- which includes no credit, gutter or otherwise, to or of Plaintiff – and asserts that it links to a page where Plaintiff is credited. However, to establish a claim for removal of CMI, a plaintiff must demonstrate the existence of CMI on the work at issue. *Sadowski v. Ng*, No. 18 CIV. 10113 (VM), 2022 WL 799636, at *8 (S.D.N.Y. Mar. 15, 2022) (granting summary judgment to defendants regarding CMI removal claim because no reasonable juror could find that said defendants acted with requisite intent); *Victor Elias Photography, LLC v. Ice Portal, Inc.*, No. 19-62173-CIV, 2021 WL 2384618, at *3 (S.D. Fla. May 3, 2021), aff'd, 43 F.4th 1313 (11th Cir. 2022) (Section 1203(b) contains a "double-scienter" requirement because a defendant must (1) intentionally remove CMI or distribute works knowing that the CMI has been removed, and (2) have actual or constructive knowledge that such distribution will induce, enable, facilitate, or conceal an infringement; Court looked to opinions from "sister circuits" including those from *Mango v. BuzzFeed, Inc.*, 970 F.3d 167, 171 (2d Cir. 2020)). Where the image is displayed to the general public at https://nypost.com/tag/christmas/page/56/ there is none.

      In other circuits, courts have concluded that a plaintiff fails to state a claim for CMI removal when the work at issue did not have CMI on it which could be removed. *Kipp Flores Architects, LLC v. Pradera SFR, LLC*, No. SA-21-CV-00673-XR, 2022 WL 1105751, at *3 (W.D. Tex. Apr. 13, 2022) ("To establish liability under the DMCA, CMI must have been 'removed' from the copyright owner's work [and] CMI cannot be 'removed' from a new work that never included CMI to begin with."). *Also see Fischer v. Forrest*, 968 F.3d 216, 223 (2d Cir. 2020) (to establish a violation, a plaintiff must show "the existence of CMI on the allegedly infringed work"); *also see Stross v. Am. Chinese Media LLC*, No. 1:22-CV-1714-VMC, 2023 WL 10407128, at *2 (N.D. Ga. Jan. 9, 2023) (quoting *Dermansky v. Telegraph Media, LLC*, 19-

CV-1149, 2020 WL 1233943, at *3 (E.D.N.Y. Mar. 13, 2020)); *Richards v. Warner Music Grp.*, No. 22 CIV. 6200 (DEH), 2024 WL 4307994, at *6 (S.D.N.Y. Sept. 26, 2024) and *Lane Coder Photography, LLC v. Hearst Corp.*, No. 22-CV-5071-LTS, 2023 WL 5836216, at *5 (S.D.N.Y. Sept. 8, 2023). Since Plaintiff's Licensee, the *Post*, distributed and published the Work with no credit at https://nypost.com/tag/christmas/page/56/, it is clear and undisputed that the work was published without CMI. Looking to all of the content that includes the Work that is on Plaintiff's Licensee's website demonstrates that Plaintiff has not made a sufficient showing as to whether its CMI was "accessible in conjunction with, or appear[ed] with, the work being accessed" when the alleged use by the Biltmore of the Work took place. *Id* at *6.

Given that *Munro v. Fairchild Tropical Botanic Garden, Inc.*, No. 20-20079-CIV, 2022 WL 452257, at *10 (S.D. Fla. Jan. 13, 2022), *appeal dismissed*, No. 22-10450, 2023 WL 5426754 (11th Cir. Aug. 23, 2023) states that it "is clear from the plain language of §1202(b) that the defendant itself must 'remove' or 'alter' CMI—that is, must affirmatively take away or modify something that was already there" and Plaintiff's acknowledgement in its Opposition that Plaintiff's licensee hosted, distributed, shared, publicized and otherwise made available to the general public Plaintiff's Work without any CMI next to and/or on it, it's clear from the plain language of §1202(b) that the Biltmore did not affirmatively take away or modify something that was already there – or ignore something that was visible to the general public – and thus could not have violated §1202(b); hence Plaintiff cannot state a claim that the Biltmore violated §1202(b). The gutter credit on one page of the website maintained and owned by Plaintiff's licensee is irrelevant, when the Work was also hosted, distributed, shared, publicized and otherwise made available to the general public by Plaintiff's licensee bereft of and absent any credit whatsoever. That Plaintiff thinks that a gutter credit on one page of his licensee's website

– when said licensee's website is bereft of any credit on its other display and distribution of the Work to the general public -- is the sole determinator here is, at a minimum, odd.

**An Injunction Is Inappropriate**

For the reasons set forth in the Biltmore's Motion, none of which were materially or viably rebutted by Plaintiff, the request for an injunction against the Biltmore is immaterial, and wholly unrelated to the case or controversy even if all of Plaintiff's allegations of facts (although not of law) are taken as true.

**CONCLUSION**

This matter is not like others where a third party takes a copyright-holder's work and distributes it without a license and without CMI; if Plaintiff's recitation of facts is presumed true, Plaintiff's own licensee distributed the Work pursuant to a license; said licensee also engaged in such distribution without CMI, which means there was no CMI for the Biltmore to remove. Given the issues with the copyright registration documentation, both claims should be dismissed, and in the event they are not, the Court should strike Plaintiff's request for injunctive relief.

Dated: October 28, 2024

Respectfully submitted,

By: */s/ Heidi H. Tandy*
Heidi H. Tandy, Esq.
*Counsel for Defendant*
FL Bar No.: 163864
BERGER SINGERMAN LLP
1450 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email: HTandy@bergersingerman.com
DRT@bergersingerman.com
mramos@bergersingerman.com
jmaldonado@bergersingerman.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 28, 2024, a true and complete copy of the foregoing was served using the Court's CM/ECF, which will transmit an electronic notification of this filing to the parties on the service list.

By: */s/ Heidi H. Tandy*
Heidi H. Tandy, Esq.

## SERVICE LIST

Daniel Desouza, Esq.
Florida Bar No. 19291
**COPYCAT LEGAL PLLC**
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

*Counsel for Plaintiff*