UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-23583-RAR

**CHRISTOPHER SADOWSKI**,

    Plaintiff,

v.

**THE BILTMORE HOTEL
LIMITED PARTNERSHIP**,

    Defendant.
_____/

## ORDER GRANTING IN PART MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendant The Biltmore Hotel Limited Partnership's Motion to Dismiss Complaint ("MTD"), [ECF No. 7], filed on October 18, 2024.[1] Having considered Defendant's Motion, the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion, [ECF No. 1], is **GRANTED in part and DENIED in part** for the reasons stated herein.

## BACKGROUND

Plaintiff Christopher Sadowski alleges that Defendant misused Plaintiff's intellectual property, a photograph of Christmas lights titled "010420christmastree20CS" ("Work"). *See generally* Compl., [ECF No. 1]. As alleged in the Complaint, Plaintiff is the owner of the Work, which Plaintiff registered with the Register of Copyrights on March 31, 2020, and was assigned Registration No. VA 2-201-776. Compl. ¶ 13. Plaintiff attaches to the Complaint a copy of the

---

[1] The Motion is fully briefed and ripe for adjudication. *See* Pl.'s Opp'n to Def.'s Mot. to Dismiss, [ECF No. 8]; Def.'s Resp. to Sadowski Opp'n to Def.'s Mot. to Dismiss Compl. for Failure to State a Claim, [ECF No. 9].

Certificate of Registration ("Certificate") for Registration No. VA 2-201-776 issued by the U.S. Copyright Office. [ECF No. 1-1].

Plaintiff licensed the Work to the *New York Post* ("*Post*"), which published the Work online alongside an article titled "People are putting up Christmas Lights during coronavirus pandemic." Compl. ¶ 15. The article includes a credit to Plaintiff immediately below the Work. *Id.* On or about November 2023, Defendant displayed the Work on a webpage titled "Christmas Wonderland at Tropical Park." *Id.* ¶ 18. The webpage did not include a credit to Plaintiff. *Id.* ¶ 19.

Plaintiff brings two claims: (1) copyright infringement in violation of the Copyright Act; and (2) removal or alteration of copyright management information ("CMI") in violation of the Digital Millenium Copyright Act ("DMCA"). The MTD seeks to dismiss Plaintiff's Complaint for three reasons: (1) Plaintiff did not adhere to "applicable statutory formalities" in obtaining a certificate of copyright registration for the Work and therefore does not plead a claim under the Copyright Act; (2) Plaintiff has not properly pleaded a claim for removal of CMI under the DMCA; and (3) Plaintiff improperly seeks injunctive relief on both counts. *See generally* MTD.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim," but a complaint must set forth more than "labels and conclusions" or a mere "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

When evaluating a Rule 12(b)(6) motion to dismiss, the court must accept well-pleaded factual allegations as true and draw all inferences in favor of the plaintiff. *Smith v. United States*, 873 F.3d 1348, 1351 (11th Cir. 2017). The Court must also limit its review to the four corners of the Complaint and "any documents referred to in the complaint which are central to the claims." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

A claim to relief is plausible where the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The requirement that a claim be plausible does not require that it be probable, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[T]he standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the claim." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 556).

A defendant may also challenge the Court's subject matter jurisdiction to hear the case under Federal Rule of Civil Procedure 12(b)(1). Rule 12(b)(1) permits either a facial or factual attack. *See McElmurray v. Consol. Gov't of Augusta–Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). In a facial attack, the court considers whether the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction" in the complaint employing standards similar to those governing a motion to dismiss under Rule 12(b)(6). *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335 (11th Cir. 2013). A factual attack, on the other hand, "challenge[s] the existence of subject matter jurisdiction in fact," leaving the court "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (citation and internal quotation marks omitted). Therefore, in a factual attack,

"no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

## ANALYSIS

Although the Court finds Defendant's arguments regarding the certificate of copyright registration and removal of CMI unavailing, the Court agrees that Plaintiff does not have standing to seek injunctive relief based on the allegations in the Complaint.

### I. Copyright Act

A claim for copyright infringement under the Copyright Act has two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1301 (11th Cir. 2020) (quotation and internal quotation marks omitted). With regard to the first element, in a judicial proceeding, a "certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1233 (11th Cir. 2010) (quoting 17 U.S.C. § 410(c)). If Plaintiff produces a valid certificate, it is then Defendant's burden to show that "the work in which copyright is claimed is unprotectable (for lack of originality)." Defendant does not challenge the copying element.

Defendant argues that Plaintiff does not have a valid copyright over the Work because Plaintiff "did not actually comply with the applicable statutory formalities" in obtaining the Certificate. MTD at 4. Defendant contends that an application for registration of a Group Registration for Published Photographs ("GRPPH") "must provide a sequentially numbered list," but "it does not appear that Plaintiff provided a sequentially numbered list in the Certificate, and

accordingly, Plaintiff did not comply with the applicable statutory formalities." MTD at 5.

This argument fails. The "statutory formalities" Defendant cites are in fact an excerpt from the U.S. Copyright Office's website that provides instructions for how to apply for a GRPPH. *See* [ECF No. 7-1]. Setting aside that this is not a "statutory" formality, the requirement of a sequentially numbered list of works for a GRPPH *application* is irrelevant as to whether the *Certificate* is valid. An application is submitted by the applicant. A certificate of registration is issued by the U.S. Copyright Office. *See* 17 U.S.C. § 408(c); 37 C.F.R. § 202.4(i). The fact that the works are not sequentially numbered in the Certificate is not automatically indicative of anything wrong with the application (and even if it were, Defendant does not explain how this would make the Certificate invalid). Nor does it provide cause for the Court to *sua sponte* review Copyright Office records of Plaintiff's registration certificate for the Work, as Defendant suggests. *See St. George v. Pinellas Cnty.*, 285 F.3d at 1337. As such, the MTD must be denied with respect to Plaintiff's Copyright Act claim.

## II. DMCA

Next, Defendant argues that Plaintiff has not properly pleaded a claim for removal of CMI under the DMCA because (1) any CMI associated with the Work was not on the image itself, but rather below the image on the same webpage, and (2) the *Post* did not include CMI in at least one of the webpages where it displayed the work. MTD at 5–6.

Again, Defendant's arguments fail. To Defendant's first argument, the DMCA prohibits "intentionally remov[ing] or alter[ing] any [CMI]" with knowledge, or with reasonable grounds to know, that such action will "induce, enable, facilitate or conceal an infringement" of CMI. 17 U.S.C. § 1202(b). Plaintiff alleges that Defendant took the Work from a *Post* webpage with CMI displayed directly below the Work, a practice commonly referred to as a "gutter credit." *See*

Compl. ¶¶ 15, 17–23.  A gutter credit directly below a photograph may support a claim of CMI removal under the DMCA.  This is because the DMCA provides that CMI "need only be 'conveyed in connection with' copies of the work; it need not be affixed to the actual *body* of the work." *Munro v. Fairchild Tropical Botanic Garden, Inc.*, No. 20-20079, 2022 WL 452257, at *10 (S.D. Fla. Jan. 13, 2022) (quoting 17 U.S.C. § 1202(c)) (emphasis in original); *see also, e.g.*, *Sadowski v. Ng*, No. 18 CIV. 10113, 2022 WL 799636, at *8 (S.D.N.Y. Mar. 15, 2022) ("CMI can be found in the body of the work, or below a photograph, such as in the case of gutter credits." (internal citations omitted)).

Defendant also asks the Court to consider a different *Post* webpage—a site with a thumbnail linking to the webpage alleged in the Complaint—where the work was displayed without any CMI.  MTD at 5.  It is not appropriate for the Court to consider evidence not presented in the Complaint on a motion to dismiss.  At the motion to dismiss stage, the Court must accept all of Plaintiff's allegations as true, *Iqbal*, 556 U.S. at 678, and must limit its review to the four corners of the Complaint and "any documents referred to in the complaint which are central to the claims." *Wilchombe*, 555 F.3d at 959; *St. George*, 285 F.3d at 1337.  Defendant's request that the Court use extrinsic evidence to negate an allegation in the Complaint violates both of these requirements. But even if the Court were to consider the other webpage, the mere fact that the Work was displayed in certain locations without CMI is not dispositive of Plaintiff's DMCA claim.  Because the DMCA requires scienter in removing or altering CMI, 17 U.S.C. § 1202(b), Defendant's argument would require the Court to undertake an inquiry into *where* Defendant obtained the Work.  The Court is simply not equipped to make such factual findings on a motion to dismiss. As such, the MTD must be denied with respect to Plaintiff's DMCA claim.

### III. Injunctive Relief

Lastly, Defendant argues that Plaintiff's request for injunctive relief be "stricken and/or dismissed." MTD at 7. Although Defendant does not say so explicitly, all of Defendant's cited cases discuss standing to request injunctive relief. Accordingly, the Court will construe Defendant's argument under Rule 12(b)(1) as attacking Plaintiff's standing to seek injunctive relief. Because Plaintiff challenges whether Defendant sufficiently alleges a basis for injunctive relief, the Court will treat this as a facial challenge. While Plaintiff argues that it is inappropriate to strike or dismiss a claim for relief at the motion to dismiss stage, standing goes to a court's subject matter jurisdiction and therefore "'must be addressed as a threshold matter' prior to the merits of its underlying claims." *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1250 (11th Cir. 2015) (quoting *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1242 (11th Cir.2003)).

"[F]or a plaintiff to have standing, it must have '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332, 1337 (11th Cir. 2021) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 333 (2016)). Where a plaintiff seeks injunctive relief, the injury-in-fact prong requires "an additional showing," namely, "'a sufficient likelihood that [the plaintiff] will be affected by the allegedly unlawful conduct *in the future*.'" *Houston*, 733 F.3d at 1328 (quoting *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001) (alteration and emphasis added)).

Here, Plaintiff does not adequately allege standing to seek injunctive relief. Although Plaintiff pleads that "Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff," Compl. ¶¶ 37, 44, he does not allege any factual

content to support the claim of continued injury. Crucially, Plaintiff does not allege that the allegedly infringing webpage is still active or otherwise demonstrate that the alleged harm is ongoing or will continue in the future. Indeed, the link provided to the allegedly infringing webpage in the Complaint appears not to be active. *See* Compl. ¶ 18. Therefore, Plaintiff has not demonstrated that he has standing to pursue injunctive relief. *See Markos v. Big & Wild Outdoors*, LLC, No. 8:22-CV-1258, 2023 WL 2496507, at *1 (M.D. Fla. Mar. 14, 2023) (finding plaintiff did not have standing to seek injunctive relief on a default judgment because the complaint contained no allegation that defendant would continue to infringe on plaintiff's work and defendant had removed the work from the allegedly infringing webpage).

## CONCLUSION

For the foregoing reasons, Defendant's MTD, [ECF No. 1], is **GRANTED** with respect to Plaintiff's prayers for injunctive relief and **DENIED** with respect to Plaintiff's substantive claims under the Copyright Act and the DMCA. Plaintiff shall file an amended complaint consistent with this Order **on or before March 14, 2025**.

**DONE AND ORDERED** in Miami, Florida, this 4th day of March, 2025.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**